IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03120-GPG

MARCUS J. AUSBORNE,

    Plaintiff,

v.

THE DAYS INN COMPANY,
MRS. PARTISA, Wife,
MR. MARTINEZ PARTISA, Husband,
DEPUTY OFFICER LOWRY,
DISTRICT ATTORNEY OFFICER PAUL SANFORD,
JUDGE GILBERT, and
SHERIFF DEPARTMENT,

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

    Plaintiff, Marcus J. Ausborne, is being detained at the El Paso County Criminal Justice Center in Colorado Springs, Colorado. Mr. Ausborne has filed *pro se* a Prisoner Complaint (ECF No. 1). The court must construe the Prisoner Complaint liberally because Mr. Ausborne is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. Mr. Ausborne will be ordered to file an amended complaint if he wishes to pursue his claims in this action.

    The Prisoner Complaint is deficient because it does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a

complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.  *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes.  *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).  Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."  The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.  Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Ausborne alleges that he is asserting claims pursuant to 42 U.S.C. § 1983, which "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights."  *Conn v. Gabbert*, 526 U.S. 286, 290 (1999); *see also Wyatt v. Cole*, 504 U.S. 158, 161 (1992) ("[T]he purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails.").  However, in claims one and four, Mr. Ausborne fails to allege facts that demonstrate he has been deprived of any federal rights or that Defendants The Days Inn Company, Mrs. Partisa, and Mr. Martinez Partisa are state actors.

Moreover, in claim three, Mr. Ausborne alleges that Defendant Paul Sanford "criminally impersonated the judge . . . by signing off on the probable cause affidavit to make the arrest legal." Mr. Ausborne is advised that state prosecutors are entitled to absolute immunity in § 1983 suits for activities within the scope of their prosecutorial duties. *See Imbler v. Pachtman*, 424 U.S. 409, 420-24 (1976); *see also Butz v. Economou*, 438 U.S. 478, 504 (1978). The Supreme Court has held that absolute immunity applies when a prosecutor appears in court in support of an application for a search warrant as a lawyer for the State, *Burns v. Reed,* 500 U.S. 478, 487 (1990); and when a prosecutor prepares and files an information and motion for an arrest warrant, *Kalina v. Fletcher,* 522 U.S. 118, 129 (1997). Conversely, the Tenth Circuit has held that absolute immunity does not apply when a prosecutor approves a search warrant affidavit that she played no role in preparing or presenting in court. *Mink v. Suthers,* 482 F.3d 1244, 1262 (10th Cir. 2007).

Similarly, in claim five, Mr. Ausborne may not sue Defendant Gilbert, a state court judge, in the absence of specific factual allegations demonstrating that he acted outside the scope of his absolute immunity. Judges are absolutely immune from liability in civil rights suits for money damages for actions taken in their judicial capacity unless the judge was acting in the clear absence of all jurisdiction. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); *Hunt v. Bennett*, 17 F.3d 1263, 1266-67 (10th Cir. 1994).

Finally, Mr. Ausborne may not include claims in his amended complaint against the Sheriff's Department unless he demonstrates he suffered an injury caused by a municipal policy or custom. *See Schneider v. City of Grand Junction Police Dept.*, 717

F.3d 760, 769-71 (10th Cir. 2013) (discussing Supreme Court standards for municipal liability); *Dodds v. Richardson*, 614 F.3d 1185, 1202 (10th Cir. 2010).

In summary, Mr. Ausborne must identify, clearly and concisely, the specific claims he is asserting, the specific facts that support each asserted claim, and what Defendant did that allegedly violated his federal rights. *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (noting that, to state a claim in federal court, "a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated"). The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Accordingly, it is

ORDERED that Mr. Ausborne file, **within thirty (30) days from the date of this order**, an amended complaint that complies with this order. It is

FURTHER ORDERED that Mr. Ausborne shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that, if Mr. Ausborne fails within the time allowed to file an amended complaint that complies with this order as directed, the action will be dismissed without further notice.

DATED November 25, 2014, at Denver, Colorado.

BY THE COURT:

S/ Gordon P. Gallagher

_____
United States Magistrate Judge